**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION AT COLUMBUS**

JAMES A. R. JONES,

Petitioner, : Case No. 2:26-cv-00222

- vs - District Judge Michael H. Watson
Magistrate Judge Michael R. Merz

SHELBIE SMITH, WARDEN,
Belmont Correctional Institution,

:

Respondent.

# REPORT AND RECOMMENDATIONS

This is a habeas corpus case brought *pro se* by Petitioner James A. R. Jones pursuant to 28 U.S.C. § 2254 to obtain relief from his conviction in the Muskingum County Court of Common Pleas and his consequent imprisonment in the custody of Respondent Warden (Petition, ECF No. 1, PageID 1-2). The case is ripe for decision on the Petition (ECF No. 1), the State Court Record (ECF No. 4), the Warden's Return of Writ (ECF No. 5), and Petitioner's Reply (ECF No. 14).

The Magistrate Judge reference in the case was recently transferred to the undersigned to help balance the Magistrate Judge workload in the District (ECF No. 10).

## Litigation History

On May 3, 2022, the Muskingum County Prosecuting Attorney filed an Information charging Jones with engaging in a pattern of corrupt activity, in violation of Ohio Revised Code § 2923.32(A)(1) and four counts of robbery in violation of Ohio Revised Code § 2911.02(A)(2), a

second-degree felony, counts two through five. (Information, State Court Record, ECF No. 4, Ex. 1). Petitioner pleaded guilty to all counts the same day and was sentenced to the prison term he is now serving. Jones did not appeal.

Nine months later of February 3, 2023, Jones filed what he labeled "Motion For Order Granting Public Record- Post Discovery Request Disclosure From Muskingum County Prosecutors Office." (State Court Record, ECF No. 4, Ex. 4). The State opposed the Motion and Judge Fleegle denied it, finding "Jones is not entitled to discovery in a post-conviction proceeding and that Jones has not even filed a post-conviction petition with this Court. This Court further finds that Jones has not followed a required process for relief for a denied public record request under R.C. 149.43(C)(l)." (Judgment Entry, State Court Record ECF No. 4, Ex. 6). Jones appealed *pro se* to the Ohio Fifth District Court of Appeals, asserting in two assignments of error that Judge Fleege had abused his discretion in denying the Motion (Appellant's Brief, State Court Record, ECF No. 4, Ex. 8).

The Fifth District affirmed, holding first of all that there was no statutory authority for conducting or compelling discovery in the post-conviction process. *State v. Jones*, 2023-Ohio-3930, ¶ 12 (Ohio App. 5th Dist. Oct. 25, 2023). It held further that because Jones was incarcerated, his public records request had to comply with Ohio Revised Code § 149.43(B)(8). *Id.* at ¶ 13. This requires that the requested information be supportive of a justiciable claim in pending litigation. *Id.* at ¶ 14. Jones had not identified any such litigation or indeed specified which documents he desired to inspect. *Id.* at ¶¶ 16-17. The Ohio Supreme Court declined to exercise jurisdiction over a further appeal (Entry, State Court Record, ECF No. 4, Ex. 16).

On June 13, 2024, Petitioner filed a motion under Ohio R. Crim. P. 32.1 to withdraw his guilty plea on the grounds that he "did not enter the plea knowingly, intelligently and voluntarily."

*Id.* at Ex. 17. Judge Fleegle summarily denied the motion. *Id.* at Ex. 19. Petitioner appealed and the Fifth District again affirmed. *Id.* at Ex. 23. It reviewed the record of the plea colloquy and found

> appellant fails to demonstrate a reasonable and legitimate basis for withdrawal of the guilty pleas on the basis of the Rule 11 colloquy. The record indicates that during the plea hearing, the trial court performed a proper Crim.R. 11 colloquy and advised appellant of all constitutional and nonconstitutional rights he was waived by entering pleas of guilty. Appellant's challenges to the plea hearing colloquy asserted in his affidavit are not borne out by the record of the hearing.

*Id.* at ¶ 20. The Supreme Court again declined to hear a further appeal. (Entry, State Court Record, ECF No. 4, Ex. 26).

Subsequently, Petitioner attempted again to obtain discovery and to withdraw his guilty plea and again was unsuccessful at all levels of the Ohio courts (See State Court Record, ECF No. 4, Exs. 28-42).

On April 21, 2025, Jones filed a Petition for Post-Conviction Relief under Ohio Revised Code § 2953.21 (State Court Record, ECF No. 4, Ex. 43). The Common Pleas Court denied relief without an opinion. *Id.* at Ex. 49. When Jones appealed this time, he could point to the § 2953.21 petition to attempt to satisfy the "pending proceeding" requirement, but because of his prior litigation, that had become inappropriate. *Id.* at Ex. 53, ¶ 22.

Jones filed his Petition in this Court on February 9, 2026, by depositing it in the prison mail system on that date. He pleads the following grounds for relief:

> **Ground One:** Ineffective Assistance of Counsel in violation of the 5th, 6th, and 14th Amendments of the United States Constitution.

> **Supporting Facts:** Counsel was ineffective for failing to investigate facts of the case prior to petitioner pleading guilty on May 3, 2022.
>
> **Ground Two:** Ineffective Assistance of Counsel in violation of the 5th, 6th, and 14th Amendments of the United States Constitution.
>
> **Supporting Facts:** Counsel was ineffective for failing to obtain/seek discovery materials prior to petitioner pleading guilty on May 3, 2022.
>
> **Ground Three:** Ineffective Assistance of Counsel in violation of the 5th, 6th, and 14th Amendments of the United States Constitution.
>
> **Supporting Facts:** Counsel was ineffective for failing to consider sentencing "nuances" prior to petitioner pleading guilty on May 3, 2022.
>
> **Ground Four:** Ineffective Assistance of Counsel in violation of the 5th, 6th, and 14th Amendments of the United States Constitution.
>
> **Supporting Facts:** Counsel was ineffective for failing to properly advise on whether to accept plea offer prior to petitioner pleading guilty on May 3, 2022.

Petition, ECF No. 1, PageID: 6-7, 9, 11, 13.

## Analysis

**Statute of Limitations**

Respondent asserts consideration of the merits of this case is barred by the statute of limitations. Enacted as part of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA"), the statute of limitations is codified at 28 U.S.C. § 2244(d) which provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the

judgment of a State court. The limitation period shall run from the latest of—

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Respondent alleges Petitioner's conviction became final June 3, 2022, the last day on which he could have directly appealed from his conviction to the Fifth District. Because he did not appeal, Respondent argues, the statute began to run that day and expired a year later on June 3, 2023. The Petition was not filed until February 9, 2026, and is therefore time-barred according to Respondent's calculation.

To excuse his failure to file a direct appeal, "Petitioner Jones asserts that he could not have raised his ineffective assistance of counsel claims on direct appeal because all of the claims relied upon evidence outside the record (conversations between petitioner and his counsel that did or did not occur)." (Traverse, ECF No. 14, PageID 718). Ohio provides a mechanism for raising such

claims as are based on facts outside the record: a petition for post-conviction relief under Ohio Revised Code § 2953.21. But that remedy also has a one-year statute of limitations and Petitioner did not file under that provision until much later. If Jones had filed a post-conviction petition sometime before it was time-barred, that filing would have tolled the AEDPA statute while it was pending. 28 U.S.C. § 2244(d)(2).

Aside from this one-sentence appeal to post-conviction relief Jones does not anywhere in his forty-four page Traverse address the merits of Respondent's statute of limitations defense. In conclusory fashion he asserts "The Respondents have not raised any valid defenses." (Traverse, ECF No. 14, PageID 708). The Magistrate Judge disagrees and concludes Respondent has raised a valid limitations defense. The Petition should be dismissed with prejudice on that basis.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

August 3, 2026.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #