**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION AT COLUMBUS**

JAMES JONES,

Petitioner, : Case No. 2:26-cv-00222

- vs - District Judge Michael H. Watson
Magistrate Judge Michael R. Merz

WARDEN,
Belmont Correctional Institution,

:

Respondent.

# DECISION AND ORDER DENYING STAY

This habeas corpus case is before the Court on Petitioner's Motion to Stay (ECF No. 17).

The case is presently pending in Petitioner's Response (Objections)(ECF No. 16) to the Magistrate Judge's Report and Recommendations (ECF No. 15) recommending that the Petition be dismissed (ECF No. 14). Respondent's time to respond to those objections has expired, so the Report is ripe for consideration by Judge Watson.

Petitioner seeks a stay of these proceedings pending a decision by the Ohio courts on an unspecified claim of ineffective assistance of trial counsel based on a failure to advise him of his rights under Ohio R. Crim. P.32. He asserts that his claim is "based on the Ohio Criminal Rule 3 complaint Petitioner just received." Petitioner does not indicate that he has filed any proceeding in the Ohio courts, what that proceeding is, and what the basis of the claim is.

District courts have authority to grant stays in habeas corpus cases to permit exhaustion of state court remedies in consideration of the AEDPA's preference for state court initial resolution of claims. *Rhines v. Weber*, 544 U.S. 269 (2005). However, in recognizing that authority, the Supreme Court held:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. Cf. 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State"). . . .
>
> On the other hand, it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics.

*Id.* at 277-278. "Staying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of federal proceedings. *Id*. It also directed district courts to place reasonable time limits on the petitioner's trip to state court and back. The Court thus endorsed the approach this Court had been following under *Palmer v. Carlton*, 276 F.3d 377 (6th Cir. 2002), and *Hill v. Anderson*, 300 F.3d 679, 683 (6th Cir. 2002).

Petitioner has not explained to this Court precisely what claim he intends to submit to the Ohio courts, in what proceeding he intends to submit the claim, and why that proceeding is not procedurally barred by, for example, a statute of limitations.

Accordingly, the Motion to Stay is denied without prejudice to its renewal with sufficient information about why further state court proceedings are permitted under Ohio law and what

claim Petitioner intends to make.

October 7, 2026.

s/ *Michael R. Merz*
United States Magistrate Judge