**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**James Jones,**

**Petitioner,**

**v.**

**Warden Belmont Correctional Institution,**

**Respondent.**

**Case No. 2:26-cv-222**

**Judge Michael H. Watson**

**Magistrate Judge Merz**

**OPINION AND ORDER**

James Jones ("Petitioner"), a state prisoner proceeding without the assistance of counsel, petitions for a writ of habeas corpus ("Petition") after he pleaded guilty in state court to four counts of robbery and one count of engaging in a pattern of corrupt activity. Petition 2, ECF No. 1. The Petition raises four grounds for relief—which all allege that trial counsel was ineffective in various ways—in violation of Petitioner's Fifth, Sixth, and Fourteenth Amendment rights. *See generally* Petition, ECF No. 1.

The Magistrate Judge issued a Report and Recommendation ("R&R"), recommending the Court dismiss the Petition with prejudice, deny a certificate of appealability, and certify that any appeal would be frivolous. R&R, ECF No. 15. Petitioner timely objected. Obj., ECF No. 16. For the following reasons, the Court **OVERRULES** Petitioner's objections, **ADOPTS** the R&R, and **DISMISSES WITH PREJUDICE** the Petition as time barred. The Court **DECLINES** to issue a certificate of appealability, **CERTIFIES** pursuant to 28 U.S.C. § 1915(a)(3) that any appeal

would not be taken in good faith, and **DENIES** Petitioner the right to appeal in forma pauperis.

## I. STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 72(b)(3), the Court reviews *de novo* those portions of the R&R to which Petitioner properly objected.

## II. ANALYSIS

As noted above, the Petition raises four grounds for relief, which are all rooted in trial counsel's alleged ineffectiveness. Ground One asserts that trial counsel failed to investigate the facts of the case. Petition 7, ECF No. 1. Ground Two asserts that trial counsel failed to seek or obtain discovery. *Id.* at 9. Ground Three asserts that trial counsel "fail[ed] to consider sentencing 'nuances'." *Id.* at 11. Ground Four asserts that trial counsel failed to "properly advise" Petitioner as to whether he should accept the plea agreement. *Id.* at 13.

Respondent, however, raises a statute of limitations defense, Return of Writ 10–16, ECF No. 5, and the R&R recommends determining that the Petition is time barred, R&R 5–6, ECF No. 15. For the below reasons, the Court agrees with that recommendation.

"A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(2)(1). Here, the limitation period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," 28 U.S.C. § 2244(d)(1)(A), because the other possible options are irrelevant, *see* 28 U.S.C. § 2244(d)(1)(B)–(C).

So, the Court must calculate the date on which Petitioner's judgment became final. Petitioner's sentencing entry was filed on May 4, 2022, and he was specifically advised of his right to file a direct appeal. Entry, ECF No. 4 at PAGEID ## 63–64; 5/3/2022 Hr'g Tr. 14:4–8, ECF No. 4-2. Pursuant to Ohio Rule of Appellate Procedure 4(A)(1), he had thirty days from that date to file a direct appeal: June 3, 2022. He did not file a direct appeal (although he later filed other motions), so his judgment became final on June 3, 2022. *See DiCenzi v. Rose*, 452 F.3d 465, 469 (6th Cir. 2006) ("Since there was no timely-filed direct appeal, DiCenzi's sentence became final on July 30, 1999, *see* Ohio App. R. 4(A) . . . .").

The statute of limitations began running the next day, June 4, 2022, making his habeas petition due 365 days later: on June 5, 2023.[1] *Moss v. Miniard*, 62 F.4th 1002, 1009 (6th Cir. 2023) ("Thus, our precedent and Federal Rule 6(a) confirm that, although the AEDPA limitations period is triggered on the day of finality, the clock begins to run the following day."); *id.* 1009–1010 (explaining that the clock runs *"from and including"* the day following the day of finality and runs "*to and including*" day 365 which, "[e]xpressed in years" means the statute ends "on the anniversary of the finality date").

Petitioner did not file the Petition until February 9, 2026, more than two years and eight months beyond the due date. The Petition is thus plainly barred by the statute of limitations unless tolling renders it timely.

---

[1] 365 days "from and including" June 4, 2022, and "to and including" day 365 is June 3, 2023. But because June 3, 2023, was a Saturday, the statute of limitations expired the following Monday. *Rembert v. Wainwright*, No. 18-3414, 2018 WL 3689662, at *2 (6th Cir. July 18, 2018) (citing Fed. R. Civ. P. 6(a)(1)(C)).

The Court first considers statutory tolling. Indeed, "[t]he one-year period of limitations is tolled . . . by the amount of time that 'a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending.'" *Hill v. Randle*, 27 F. App'x 494, 495 (6th Cir. 2001) (quoting 28 U.S.C. § 2244(d)(2)). Here, Petitioner filed several state-court motions after his conviction, so the Court considers whether any of them statutorily tolled the statute of limitations.

On February 23, 2023, Petitioner filed a motion for discovery, ECF No. 4 at PAGEID ## 66–71, but that is not a "properly filed" motion that qualifies under § 2244(d)(2) to toll the statute of limitations. *Brown v. MacLaren*, No. 16-1599, 2017 WL 5438883, at *2 (6th Cir. Jan. 18, 2017) ("During this time period, Brown was not entitled to statutory tolling . . . Though he did file a motion for discovery and a motion to expand the record, these motions were not challenges to his conviction and thus did not toll the statute of limitations under § 2244(d)(2)." (citation modified)); *Johnson v. Randle*, 28 F. App'x 341, 343 (6th Cir. 2001) ("[A]lthough Johnson filed a motion for the production of documents and for a free copy of the court record, these requests do not toll the statute of limitations of [sic] § 2244(d).").

Because the statute of limitations expired more than one year before Petitioner filed his next motion (a June 13, 2024, motion to withdraw his guilty plea), *see* Mot. Withdraw Plea, ECF No. 4 at PAGEID ## 148–61, neither that motion, nor any subsequent motion, could serve to revive the statute of limitations. *E.g. Brown*, 2017 WL 5438883, at *2 ("[B]y then, the statute of limitations had run, and his post-conviction motion could not toll any time period because there was no period left to

toll." (citation omitted)); *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) ("The tolling provision does not, however, 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations." (internal quotation marks and citation omitted)).

Thus, there is no statutory tolling that saves his untimely Petition.

The Court would ordinarily next consider any arguments for equitable tolling, *e.g. Rembert*, 2018 WL 3689662, at *3 ("The AEDPA's one-year limitations period is subject to equitable tolling . . . ."), but Petitioner raises none.

He likewise fails to argue that enforcement of the statute of limitations would result in a miscarriage of justice (let alone meet that standard with a convincing showing of actual innocence). *See id.* ("Although a time-bar can be overcome if a petitioner shows that failure to consider his claims will result in a fundamental miscarriage of justice, this requires a petitioner to make a convincing showing of actual innocence . . . ." (citation modified)).

Accordingly, there is no reason to toll or disregard the statute of limitations, and the Court agrees that the Petition is time barred.

Petitioner's objections do not change this conclusion.

Petitioner primarily objects to the Magistrate Judge's denial of his motion to amend the Petition. Obj. 1–3, ECF No. 16.

This is not the time to object to that Order, however. The Magistrate Judge denied Petitioner's motion to amend on July 13, 2026, and Petitioner could have objected to that Order within fourteen days of it. Fed. R. Civ. P. 72(a). He did not,

and his attempt to assert objections to that Order within his objections to the at-issue R&R comes too late. *See id.* (establishing a fourteen-day deadline for objecting to non-dispositive Orders by the Magistrate Judge).

As to the at-issue R&R, Petitioner argues only that his Petition is timely because he filed it within one year of when the Supreme Court of Ohio declined to accept jurisdiction over his direct appeal of the denial of his motion to withdraw his guilty plea.[2] Obj. 2, ECF No. 16.

But, as noted above, the statute of limitations had already expired by the time he filed his motion to withdraw his guilty plea in June 2024. So, neither that motion nor the appeals of the same affect the statute of limitations analysis.

## III. CONCLUSION

The Court therefore **OVERRULES** Petitioner's objections, **ADOPTS** the R&R, and **DISMISSES WITH PREJUDICE** the Petition as time barred.

A state prisoner who seeks a writ of habeas corpus in federal court does not have an automatic right to appeal a district court's adverse decision unless the court issues a COA. 28 U.S.C. § 2253(c)(1)(A). A court may issue a COA only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

---

[2] Petitioner also includes a single sentence stating that he objects to "the entire R&R," Obj. 1, ECF No. 16, but that sentence is the equivalent of no objection. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991) ("A general objection to the entirety of the magistrate's report has the same effects as would a failure to object.").

When a claim has been denied on procedural grounds, the petitioner must establish "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Here, reasonable jurists would not find the Court's procedural ruling debatable, so the Court **DECLINES** to issue a certificate of appealability.

Finally, the Court **CERTIFIES** pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith, and **DENIES** Petitioner the right to appeal in forma pauperis.

The Clerk shall enter judgment for Respondent and dismiss this case.

**IT IS SO ORDERED.**

Michael H. Watson

**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**